# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

TOCCARA PULLER, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:23-cv-13–HEH
)
J. BARNETT, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
### (Dismissing Improperly Joined Claims)

Plaintiff Toccara Puller ("Plaintiff"), a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action (ECF No. 1) on January 3, 2023. By Memorandum Order (ECF No. 20) entered on April 10, 2023, the Court directed Plaintiff to file a Particularized Complaint. The Court also warned Plaintiff that, if she failed to submit an appropriate Particularized Complaint that comported with the joinder requirements as set forth in the Memorandum Order, the Court would drop all defendants not properly joined with the first named defendant. (Mem. Order at 3.)[1] On May 8, 2023, Plaintiff filed a Particularized Complaint (ECF No. 21). The matter is before the Court for evaluation

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, Federal Rule of Civil Procedure 20(a),[2] and Plaintiff's compliance with the Court's April 10, 2023 Memorandum Order.

## I. JOINDER

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. *See* Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of [Rule 20] . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[] entirely different factual and legal issues.'" *Sykes v. Bayer Pharms. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03-cv-395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" *Id.* (quoting *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

---

[2] Rule 20(a) provides:

> **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

In addressing joinder, the Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

"The Court's obligations under the [Prison Litigation Reform Act] include review for compliance with Rule 20(a)." *Coles v. McNeely*, No. 3:11-cv-130, 2011 WL 3703117, at *3 (E.D. Va. Aug. 23, 2011) (citing *George*, 507 F.3d at 607).

> Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees.

*Id.* (citing 28 U.S.C. § 1915(g); *Showalter v. Johnson*, No. 7:08-cv-276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009)).

3

## II. PLAINTIFF'S CLAIMS AND LACK OF COMPLIANCE WITH THE COURT'S ORDER

In her Particularized Complaint, Plaintiff asserts her right to be free from punishment was violated when:

Claim One   In September of 2022, Lt. J. Barnett broke Plaintiff's finger with a steel food tray slot and then failed to provide medical care for her. (Compl. at 1–2, ECF No. 21.)

Claim Two   Plaintiff was raped and developed a sexually transmitted disease while housed in cell number 3. (*Id.* at 2.) When Plaintiff reported the incident to Lt. Howerton and Lt. Garcia they failed to conduct a prompt investigation. (*Id.* at 2–3.)

## III.   DISMISSAL OF IMPROPERLY JOINED CLAIMS

The Court now proceeds with the analysis outlined in the April 10, 2023 Memorandum Order and "the Court will drop all defendants not properly joined with the first named defendant."[3] (Mem. Order at 3.) The first named defendant in the body of the Particularized Complaint is Lt. Barnett. In Claim One, Puller alleges Lt. Barnett used excessive force and denied her medical care. (Compl. at 1–2.) Claim Two against Lt. Howerton and Lt. Garcia regarding their failure to investigate an alleged rape is not reasonably related to Claim One. (*Id.* at 2–3.) Claim Two does not arise out of the same transaction or occurrence and fails to present a common question of law and fact relative to Claim One. As such, permitting the joinder of Claim Two will not promote the

---

[3] "Such a procedure fosters the objectives of the Rules of Civil Procedure[ ] of expediting the resolution of disputes, without further squandering scarce judicial resources on 'disputes that are not structurally prepared to use those resources efficiently.'" *Jackson v. Olsen*, No. 3:09-cv-43, 2010 WL 724023, at *8 n.10 (E.D. Va. Mar. 1, 2010) (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279–80 (11th Cir. 2006)).

4

objectives of Rule 20 or judicial efficiency. *See Jackson v. Olsen*, WL 724023, at *8 n.10. Accordingly, Claim Two will be dismissed without prejudice because it is improperly joined. All Defendants will be dismissed <u>except</u> Defendant Lt. Barnett. The Court will continue to process the action with respect to Claim One.

    An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Sept 29, 2023
Richmond, Virginia