IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TOCCARA Y. PULLER,            )
                             )
          Plaintiff,      )
                             )
v.                          )      Civil Action No. 3:23-cv-13–HEH
                             )
J. BARNETT,             )
                             )
          Defendant.     )

## **MEMORANDUM OPINION**
### (Denying Partial Motions to Dismiss)

Plaintiff Toccara Y. Puller ("Plaintiff"), a Virginia inmate proceeding *pro se* and

*in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1]  The matter is proceeding on

Plaintiff's Particularized Complaint (ECF No. 21), filed on May 8, 2023.  Defendant J.

Barnett ("Defendant") filed a Partial Motion to Dismiss (ECF No. 38) on January 9,

2024.  For the reasons set forth below, the Partial Motion to Dismiss will be DENIED.[2]

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes
> to be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an action
> at law . . . .

42 U.S.C. § 1983.

[2] The Court employs the pagination assigned by the CM/ECF docketing system.  The Court
corrects the spelling, spacing, punctuation, and capitalization and omits any emphasis or symbols
in quotations from the parties' submissions.

## I. PROCEDURAL HISTORY AND PLAINTIFF'S ATTEMPT TO AMEND

By Memorandum Order (ECF No. 20) entered on April 10, 2023, the Court noted that Plaintiff's Original Complaint (ECF No. 1) was inadequate and directed her to file a Particularized Complaint. (Mem. Order at 1–2.) The Court provided specific instructions for the form of the Particularized Complaint and warned Plaintiff that the Particularized Complaint must comply with the joinder requirement of Federal Rule of Civil Procedure 20(a)(2). (*Id.* at 2–3.)

On May 8, 2023, Plaintiff submitted her Particularized Complaint. In the Particularized Complaint, Plaintiff asserted her right to be free from punishment was violated when:

<blockquote>

Claim One
In September of 2022, Lt. J. Barnett broke Plaintiff's finger with a steel food tray slot and then failed to provide medical care for Plaintiff. (Particularized Compl. at 1–2.)

Claim Two
Plaintiff was raped and developed a sexually transmitted disease while housed in cell number 3. (*Id.* at 2.) When Plaintiff reported the incident to Lt. Howerton and Lt. Garcia they failed to conduct a prompt investigation. (*Id.* at 2–3.)

</blockquote>

By Memorandum Opinion and Order (ECF Nos. 25, 26) entered on September 29, 2023, the Court dismissed Claim Two as improperly joined. (Mem. Op. at 4; Order at 1.) Thereafter, the Court served Defendant. (Mem. Order at 1–2, ECF No. 33.)

On January 9, 2024, Defendant filed a Partial Motion to Dismiss. Meanwhile, Plaintiff filed a host of motions that failed to comply with Local Rule 7(F)(1). That Rule states that all motions "shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies." E.D. VA. LOC. CIV. R. 7(F)(1).

Additionally, on February 8, 2024, Plaintiff submitted a document titled, "AMENDED COMPLAINT" (the "Second Amended Complaint," ECF No. 43). In that document, Plaintiff seeks to add "Officer Waters" as a defendant to her claim regarding the use of excessive force against her and the denial of adequate medical care for her hand. (*Id.* at 1.) However, the document also includes allegations that: parties blew chloroform gas through the vents into cells, someone "human traffick[ed] her minor son," that she was "unconstitutionally placed in segregation," etc. (*Id.* at 2–3.) Thereafter, Defendant filed a Partial Motion to Dismiss the Amended Complaint (ECF No. 45).

Regarding Plaintiff's Second Amended Complaint, the pertinent rule provides:

**(a) Amendments Before Trial.**
**(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
**(A)** 21 days after serving it, or
**(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
**(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a). Plaintiff has amended her Complaint once. Accordingly, at this juncture, she requires written consent from Defendant or permission from this Court. She has neither sought nor obtained either. Further, Plaintiff's Second Amended Complaint fails to conform to the format prescribed by this Court in the April 10, 2023 Memorandum Order and contains a variety of conclusory and irrelevant allegations. Accordingly, the Second Amended Complaint will not receive further consideration from the Court. The action will continue to proceed on the Particularized Complaint. The Partial Motion to Dismiss the Amended Complaint (ECF No. 45) will be denied as moot.

3

Plaintiff remains free to attempt to amend her complaint. Any such attempt must be accompanied by: (1) a Motion to Amend; (2) a separate Memorandum in Support of the Motion to Amend; and (3) a copy of the Proposed Amended Complaint. Plaintiff's outstanding motions (ECF Nos. 35–37, 41, 44, 48, 50), that fail to comply with Local Rule 7(F)(1), will be denied without prejudice.

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citation omitted). This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (second alteration in original). Plaintiffs cannot satisfy this standard with

complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In order to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *see also Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. PERTINENT ALLEGATIONS

As pertinent here, Plaintiff states:

> During the month of September 2022, I was housed in the 11A cell number 3 at Arlington County Jail. During this time, there was an incident where I was injured by Lt. J. Barnett. Barnett used a steel food slot door that was deformed and broke my ring finger bone. I have swan necking on my right ring finger and J. Barnett did not call or provide any medical assistance after his actions causing injury to me, violating my constitutional rights. I

have a referral from UVA for cosmetic custom surgery and I use a plastic splint to attempt to correct the swan necking. I did not receive medical treatment until I was transferred to [the] Department of Corrections, Fluvanna Correctional Center for Women after 11-16-22.

(Particularized Compl. at 1–2.) Plaintiff seeks monetary damages. (*Id.* at 6.)

Plaintiff raises the following claims against Defendant.

| Claim One | (a) In violation of Plaintiff's Eighth Amendment rights, Defendant used excessive force against Plaintiff when he used a tray slot door to break Plaintiff's finger. (*Id.* at 4.) (b) In violation of Plaintiff's Eighth Amendment rights, Defendant failed to provide Plaintiff with medical care for her broken finger. (*Id.*) |
|---|---|

## IV. ANALYSIS

Defendant seeks the dismissal of Claim One (b). Defendant argues:

Here, Plaintiff's allegations regarding her Eighth Amendment deliberate indifference to serious medical are wholly insufficient. Plaintiff alleges that she had a broken finger and that she "did not receive medical treatment until [she] was transferred to Department of Corrections Fluvanna Correctional Center for women after 11.16.22." (ECF No. 21, p. 2). Plaintiff does, however, indicate she received some treatment, stating that she has "a referral from UVA for cosmetic custom surgery and [she] use[s] a plastic splint to attempt to correct the swan necking." (ECF No. 21, p. 5).

Thus, to the extent her claim is premised on Lt. Barnett delaying or interfering with medical treatment, there are absolutely no references to Deputy Barnett in relation to medical treatment. Consequently, the Complaint fails to allege sufficient allegations that Deputy Barnett was deliberately indifferent to a serious medical need. As a result, this Court should dismiss Plaintiff's Eighth Amendment deliberate indifference to a serious medical need claim against Lt. Barnett.

(Partial Mot. to Dismiss at 5 (alterations in original).)

These arguments misread the Particularized Complaint and lack merit. Fairly read, Plaintiff's allegations reflect that Defendant broke Plaintiff's finger and then failed to provide her with any medical care. The circumstances under which Plaintiff's finger

was broken suggest that Defendant was aware that he had injured Plaintiff. Plaintiff went without medical care for her finger until months later when she transferred to the Virginia Department of Corrections. As a result of the delay, her finger is deformed and may require surgery.

With respect to the denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "[A]llegations of a fractured finger state a claim of a serious medical need." *Joh v. Suhey*, 709 F. App'x 729, 730 (3d Cir. 2017). Defendant ignored Plaintiff's need for medical attention for her finger, which resulted in a deformity and requires surgery. These allegations are sufficient to state an Eighth Amendment claim against Defendant. *See Garcia v. Powell*, No. 21-15448, 2023 WL 2570420, at *1 (9th Cir. Mar. 20, 2023) (reversing preliminary dismissal of similar claims); *see also Sharpe v. S.C. Dep't of Corr.*, 621 F. App'x 732, 734 (4th Cir. 2015) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." (quoting *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010))); *Hunt v. Uphoff*, 199 F.3d 1220, 1223–24 (10th Cir. 1999) (explaining that the fact that a petitioner received some medical care does not preclude him from claiming under the Eighth Amendment that he did not receive adequate medical care). Accordingly, the Partial Motion to Dismiss (ECF No. 38) will be denied.

## V. CONCLUSION

The Second Amended Complaint shall not receive further consideration. The Partial Motion to Dismiss (ECF No. 38) will be denied. The Partial Motion to Dismiss

7

Amended Complaint (ECF No. 45) will be denied as moot. Plaintiff's outstanding

motions (ECF Nos. 35–37, 41, 44, 48, 50) will be denied without prejudice.

Any party wishing to file a Motion for Summary Judgment must do so within sixty

(60) days of the date of entry hereof. Any party who files for summary judgment must

provide evidence regarding whether Plaintiff was a convicted felon or a pretrial detainee

at the time of alleged incidents.

An appropriate Order will accompany this Memorandum Opinion.

_____ /s/

Henry E. Hudson
Senior United States District Judge

Date: May 21, 2024
Richmond, Virginia