IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TOCCARA YVONNE PULLER,    )
                          )
    Plaintiff,             )
                          )
v.                        )    Civil Action No. 3:23-cv-13-HEH
                          )
J. BARNETT,               )
                          )
    Defendant.             )

## MEMORANDUM OPINION
(Granting in Part and Denying in Part Motion for Summary Judgment)

Toccara Puller, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is proceeding on Puller's Particularized Complaint. (ECF No. 21.)[2] Defendant Barnett and Puller have moved for summary judgment. For the reasons set forth below, Puller's Motion for Summary Judgment will be denied and Barnett's Motion for Summary Judgment will be denied with respect to Claim 1(a) and granted with respect to Claim 1(b).[3]

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling the quotations from the parties' submissions.

[3] Only the claims against Defendant Barnett remain.

## I. Pertinent Allegations

As pertinent here, Puller states:

> During the month of September 2022, I was housed in 11A cell number 3 at Arlington County Jail. During this time, there was an incident where I was injured by Lt. J. Barnett. Barnett used a steel food slot door that had deformed and broke my ring finger bone. I have swan necking on my right ring finger and J. Barnett did not call or provide any medical assistance after his actions causing injury to me violating my constitutional rights. I have a referral from UVA for cosmetic surgery and I use a plastic splint to attempt to correct the swan necking. I did not receive medical treatment until I was transferred to [the] Department of Corrections [("VDOC,")] Fluvanna Correctional Center for Women [("FCCW")] after 11-16-22.

(ECF No. 21, at 1–2.) Puller seeks monetary damages. (*Id.* at 6.)

The Court construes Puller to raise the following two-part claim against Defendant Barnett.

| | |
|---|---|
| Claim One | (a) In violation of Puller's Eighth Amendment rights, Defendant Barnett used excessive force against Puller when he used a tray slot door to break Puller's finger. (*Id.* at 4.) (b) In violation of Puller's Eighth Amendment rights, Defendant Barnett failed to provide Puller with medical care for her broken finger. (*Id.* at 1–2.) |

## II. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly

2

be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of his Motion for Summary Judgment, Defendant Barnett submitted his own affidavit ("Barnett Aff.," ECF No. 59-1), and records pertaining to Puller's

3

incarceration in the Arlington County Detention Center ("ACDC") that the Court refers to by their CM/ECF designation.

In Support of her Motion for Summary Judgment and in opposition to Barnett's Motion for Summary Judgment, Puller submitted her own affidavit ("Puller Aff.," ECF No. 67-1) and a variety of other material, including transcripts from her criminal proceedings, that the Court refers to by its CM/ECF designation.

Of course, the facts offered by an affidavit or sworn declaration must be in the form of admissible evidence. *See* Fed. R. Civ. P. 56(c)(4). In this regard, the Court has informed Puller that:

> [T]he Court will not consider as evidence in opposition to any motion for summary judgment a memorandum of law and facts that is sworn to under penalty of perjury. Rather, any verified allegations must be set forth in a separate document titled "Affidavit" or "Sworn Statement," and reflect that the sworn statements of fact are made on personal knowledge and the affiant is competent to testify on the matters stated therein. *See* Fed. R. Civ. P. 56(c)(4).

(ECF No. 33, at 2.) Therefore, Puller cannot transform her submissions into evidence by swearing that all the facts set forth therein are true. (*See, e.g.*, ECF No. 74, at 1–3.)

### III. Pertinent Facts

At all times relevant here, Puller was an inmate at ACDC. (Puller Aff. ¶ 2.) On September 2, 2022, the Circuit Court for the County of Arlington found that Puller had violated the terms of her probation and ordered her to serve the balance of her sentence. (ECF No. 56-2, at 16.) The Circuit Court noted,

> the Court has made numerous efforts to try to address your mental health and your mental health is the cause of this underlying charge, which shows a clear and present danger to the community. My concern, of course is that

4

> continuing you on probation when you're failing to comply with the Court's terms of probation is going to result in further danger to the community. Therefore, the Court finds no alternative but to impose the balance of the time and close the case.

(ECF No. 56-2, at 16.)

### A. Puller's facts

Puller has offered very few facts in support of her claims. Puller swears:

> Defendant J. Barnett violated Plaintiff's right to be free from punishment when in the month of September 2022, Lt. J. Barnett broke Plaintiff's finger with a steel food tray slot and then failed to provide medical care for Plaintiff.
> Plaintiff submitted medical documents as exhibits from UVA hospital doctors and F.C.C.W. doctor . . . . Swan necking occurred due to the injury healing on its own with no medical care from defendant. UVA provided a cosmetic referral to correct the deformity with plaintiff's broke finger.
> Defendant . . . use[d] excessive force and serious medical indifference in bad faith with respect to Claim One and prolonged Plaintiff's pain as an inmate in the month of September 2022. Plaintiff did not receive medical care until after 11-16-2022 upon being transferred to [VDOC, FCCW.]

(Puller Aff. 3–4 (internal paragraph numbers omitted).)

### B. Barnett's facts with respect to the initial injury

Barnett swears that he "was not involved in any use of force incident with Puller in September 2022" and "was not involved in an incident with Puller involving a food tray slot door in September 2022." (Barnett Aff. ¶¶ 6, 7.) Barnett swears that he "was not present for any incident in which Puller claimed to have suffered an injury to her finger." (*Id.* ¶ 15.)

5

### C. Facts with respect to medical care

On September 7, 2022, Puller was placed on crisis cell within the medical unit. (*Id.* ¶ 8.) On September 8, 2022, Puller was required to be placed in a restraint chair. (*Id.* ¶ 9.) Barnett was not present for either of these incidents. (*Id.* ¶ 10.)

Barnett "first learned that Puller had a complaint about her finger when she held up her finger and said, 'Look what they done to me Barnett.'" (*Id.* ¶ 11.) At that time, Puller asked Barnett for medical personnel, Barnett informed medical personnel of her request, and a nurse went to her cell to see her. (*Id.* ¶ 12.)

> During subsequent shifts Puller asked for medical personnel because of her finger and each of those times [Barnett] informed medical personnel of her request. A nurse would come to her cell and while the nurse was there, [Barnett] saw the nurse remove a bandage, spray her finger with disinfectant, then apply a new bandage.

(*Id.* ¶ 14.) Puller was transferred to the VDOC on November 16, 2022. (*Id.* ¶ 16.)

### IV. Analysis

To survive summary judgment on an Eighth Amendment claim, an inmate must demonstrate that "the prison official acted with a sufficiently culpable state of mind (subjective component) and . . . the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298–300 (1991)). "What must be established with regard to each

component 'varies according to the nature of the alleged constitutional violation.'" *Williams*, 77 F.3d at 761 (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)).

When an inmate claims that prison officials used excessive force against his person, the objective component is less demanding relative to the subjective component. *See id.* With respect to the objective component, the inmate must demonstrate that the "nature" or amount of force employed "was nontrivial." *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010). Regarding the subjective component, the inmate must demonstrate "wantonness in the infliction of pain." *Iko*, 535 F.3d at 239 (quoting *Whitley v. Albers*, 475 U.S. 312, 322 (1986)). "The 'core judicial inquiry' . . . [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7).

To survive a motion for summary judgment on an Eighth Amendment claim with respect to inadequate medical care, a plaintiff must demonstrate that a prison official acted with deliberate indifference to his serious medical needs. *See Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001). A medical need is "serious" if it "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

The subjective prong of a deliberate indifference claim requires the plaintiff to demonstrate that a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

7

"Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (citing *Farmer*, 511 U.S. at 837). Thus, to survive a motion for summary judgment under the deliberate indifference standard, a plaintiff "must show that the official in question subjectively recognized a substantial risk of harm. . . . [and] that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997)).

In evaluating a prisoner's complaint regarding medical care, the Court is mindful that, "society does not expect that prisoners will have unqualified access to health care" or to the medical treatment of their choosing. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103–04). Absent exceptional circumstances, an inmate's disagreement with medical personnel with respect to a course of treatment is insufficient

8

to state a cognizable constitutional claim. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)).

### A. Alleged use of excessive force

In Claim 1(a), Puller contends that Barnett used excessive force against her person when he apparently shut a tray slot door on her finger. The evidence recited above reflects a genuine dispute as to whether Barnett slammed the door on Puller's finger. Accordingly, the Motions for Summary Judgment will be denied with respect to Claim 1(a).

### B. Alleged failure to provide adequate medical care

In Claim 1(b), Puller contends that Barnett failed to provide her with adequate medical care for her finger. The record reflects that this is not true. Rather, as soon as Puller alerted Barnett that her finger was injured, Barnett contacted the medical department, and a nurse came and treated Puller. Thereafter, each time that Puller requested medical care, Barnett would inform medical personnel of Puller's request and a nurse would come and treat Puller's finger. On this record, no reasonable finder of fact could find that Barnett acted with deliberate indifference. *See Iko*, 535 F.3d at 242 (holding that once an inmate is placed in the care of appropriate medical personnel, "a nonmedical prison officials will generally be justified in believing that the prisoner is in capable hands" (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004))). Accordingly, Claim 1(b) will be dismissed. Barnett's Motion for Summary with respect to Claim 1(b) will be granted. Puller's Motion for Summary Judgment with respect to Claim 1(b) will be denied.

9

## V. Conclusion

Puller's Motion for Summary Judgment (ECF No. 55) will be denied. Barnett's Motion for Summary Judgment (ECF No. 58) will be granted in part and denied in part. Claim 1(b) will be dismissed. The parties in this case shall participate in a settlement conference with respect to Claim 1(a). The settlement conference and proceedings will be referred to the Honorable Mark R. Colombell, United States Magistrate Judge. The parties shall await further instructions on scheduling the conference from Magistrate Judge Colombell.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: March 24, 2025
Richmond, Virginia